

**THE ATTORNEY GENERAL**

**OF TEXAS**

**AUSTIN, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

September 10, 1948

Hon. Franklin C. Williams          Opinion No. V-680
County Attorney
Anderson County                    Re: The legality of an
Palestine, Texas                       election to allow hogs
                                       limited free range in
                                       a precinct immediately
                                       following a county-
                                       wide election prohibit-
                                       ing hogs, sheep, and
                                       goats from running at
                                       large.

Dear Sir:

Under the facts submitted in your request for an opinion, Anderson County held a county-wide election on August 7, 1948, under the provisions of Articles 6930-6946, V. C. S., for the purpose of determining whether hogs, sheep, and goats should be permitted to run at large in such county. You state that while the returns have not been officially canvassed, that by virtue of such election they were prohibited from running at large. At this time freeholders of Justice Precinct No. 5 of Anderson County desire to have an election in order to determine whether hogs shall have free range in said sub-division from the 15th day of November to the 15th day of February of each year.

We must look to the provisions of Articles 6930-6953 inclusive, in determining the answers to your request. Chapter 2 of the stock laws (Articles 6930-6946, V. C. S.) pertain to stock law elections on the question of whether hogs, sheep or goats shall be permitted to run at large while Chapter 3 of the stock laws (Articles 6947-6953, V. C. S.) deal with "Free Range Elections", on the question of whether hogs shall have free range in a designated area during a limited time of each year.

Article 6930, V. C. S., provides:

"Upon the written petition of fifty freeholders of any county, or upon the

petition of twenty freeholders of any sub-
division of a county, the commissioners
court of such county shall order an elec-
tion to be held in said county or subdivi-
sion, on some day named in the order, for
the purpose of enabling the freeholders of
such county or subdivision to determine
whether hogs, sheep or goats shall be per-
mitted to run at large in such county or
subdivision."

Article 6944, V. C. S., provides:

"After the adoption of the stock law
in any county or subdivision, no election
under the preceding articles shall be held
within the same prescribed limits in less
than two years after an election under this
law has been held therein; but at the ex-
piration of that time the commissioners
court of each county in the State, when-
ever petitioned to do so by a majority of
the freeholders, who are qualified voters
under the constitution and laws of a coun-
ty which has formerly adopted the stock
law, or by a majority of the freeholders
who are qualified voters under the consti-
tution and laws of the subdivision of a
county which has formerly adopted the
stock law, shall order another election
to be held by the freeholders who are qual-
ified voters under the constitution and laws
of such county, or subdivision, to determine
whether hogs, sheep and goats shall be per-
mitted to run at large in said county or
subdivision, which election shall be or-
dered, held, notice thereof given, the votes
returned and counted in all respects as pro-
vided by this law for a first election."

It is readily seen that once a county or sub-
division has adopted a stock law under the provisions of
Article 6930, et seq., V. C. S. the same question can-
not be submitted to the voters of the same county or sub-
division again in less than two years after the adoption.
However, Article 6947 authorizes an election to be held
for the purpose of determining whether hogs shall be al-
lowed free range for a limited period of time.  We quote
the following provisions of Articles 6947 and 6953, V.C.S.:

Article 6947, V. C. S.:

"Upon the written petition of fifty freeholders of any county, or upon the petition of twenty freeholders of any subdivision of any county, which county or subdivision has heretofore adopted, or may hereafter adopt, the hog law under the provisions of this chapter the commissioners court of such county shall order an election to be held in said county or subdivision on some day named in the order for the purpose of enabling the freeholders of such county or subdivision to determine whether hogs shall have a free range in said county or subdivision from the fifteenth day of November to the fifteenth day of February, of each year. Whenever there is territory between two subdivisions of a county which have adopted the hog law, and in such intervening territory there is less than fifty freeholders, an election shall be ordered on the petition of a majority of the freeholders residing in such intervening territory, and the election shall be held for the purpose named herein. If the petition be from the freeholders of a subdivision of any county, such subdivision shall be particularly described and the boundaries thereof designated in the same manner as when originally established."

Article 6953, V. C. S.:

"Whenever an election is held under the provisions of this law for any county or subdivision, no other election for such purpose shall be held within such county or subdivision for the space of two (2) years, but the defeat of the proposition for a county shall not prevent another election from being held immediately thereafter for any subdivision of such county, and, provided that, if the proposition has been defeated for any subdivision of any such county, no other election shall be held thereafter covering or including said territory except an election held in the same locality or subdivision after the

lapse of twelve (12) months from the date of said defeat for said subdivision or locality.  If, in a county or subdivision which has formerly adopted the limited period of free range for hogs, as provided for under the terms of this law, a majority of the legal votes cast at such election shall be 'Against the limited period of free range for hogs,' the county judge shall immediately issue his proclamation declaring the result; which proclamation shall be posted at the courthouse door, and after the expiration of ten (10) days from its issuance, it shall be unlawful to permit hogs to run at large within the limits designated; if a majority of the legal votes cast at such election shall be 'For the limited period of free range for hogs,' he shall so state in his proclamation, and the operation of the law shall in no way be effected by such election."   (Emphasis added throughout)

It is our opinion that an adoption of free range for hogs for a limited period of time would not operate as a nullification of a stock law which may have been adopted.  We are supported in this conclusion by the provisions of Article 6929, V. C. S., which reads as follows:

"When an election is called for any county or subdivision thereof for the purpose of voting upon the question of the adoption of the stock law or any part thereof, under the provisions of this chapter, if such county or subdivision has not already in operation the stock law or any part thereof under the provisions of this chapter, it shall be lawful to submit at the same time and at the same election the question of the limited period of free range for hogs, as provided for in this chapter, but said proposition must be submitted and voted upon as a separate proposition, and the votes cast therein, and the returns thereof, and the judge's proclamation thereon, must be separate and distinct from that of the stock law proposition voted on at such election."

If the adoption of both the stock law and the free range law would nullify each other, both elections could not be held in a combined election.

We quote the following from 39 Tex. Jur. pages 172, 173, 253 and 254:

"An important rule to be observed in statutory interpretation is that an act should be given a fair, rational, reasonable and sensible construction, considering its language and subject-matter, and with a view to accomplishing the legislative intent and purpose.

"It is a settled rule of statutory interpretation that statutes which deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as 'in pari materia' (in relation to the same matter), although they contain no reference to one another, and although they were passed at different times or at different sessions of the Legislature."

Construing the "stock law" elections statutes, together with the "free range" elections statutes, and giving the statutes a reasonable construction in order to arrive at the Legislature's intent of providing for "limited free range" for hogs, it is our opinion that in the enactment of Articles 6947-6953, V. C. S., the Legislature gave the people of those counties which had adopted or were going to adopt a stock law authority to provide an exception relative to hogs having "limited free range".

You are, therefore, advised that an election may now be held in Justice Precinct No. 5 of Anderson County to determine whether to allow hogs free range in said precinct from the fifteenth of November to the fifteenth of February, of each year.

## SUMMARY

An election to allow hogs free range under Articles 6947-6953, V. C. S., in a

precinct may be held immediately follow-
ing a county-wide election prohibiting
hogs, sheep, and goats from running at
large under the provisions of Articles
6930-6946, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

JR:mw

APPROVED:

*Price Daniel*
ATTORNEY GENERAL